## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, JACKSON DIVISION

| | |
|---|---|
| OPAL DEVONISHA HOPSON, Individually, and OPAL DEVONISHA HOPSON as Next Friend, Parent and Legal Guardian of D D, a Minor; and OPAL DEVONISHA HOPSON, as Next Friend, Parent and Legal Guardian of L S, a Minor, <br><br> Plaintiffs, <br><br> v. <br><br> JOAQUIN MILLAR, CSC LOGISTICS, and RO TRANS FREIGHT LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. _____ <br> JURY DEMANDED |

## DEFENDANTS, JOAQUIN MILLAR, CSC LOGISTICS, AND RO TRANS FREIGHT LLC, NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendants, Joaquin Millar, CSC Logistics, and Ro Trans Freight LLC's, remove this case to the United States District Court for the Western District of Tennessee, Jackson Division, pursuant to 28 U.S.C. §1441 and §1446. The grounds for the removal are as follows:

1.    Defendants, Joaquin Millar, CSC Logistics, and Ro Trans Freight LLC's all expressly consent to removal to Federal Court.

2.    The Plaintiffs filed the above-styled action on December 16, 2021, against Defendants, Joaquin Millar and Ro Trans Freight LLC's, in the Circuit Court of Gibson County, Tennessee. The suit is styled: <u>Opal Devonisha Hopson, Individually, and Opal</u>

<u>Devonisha Hopson as Next Friend, Parent and Legal Guardian of D D, a Minor; and Opal</u> <u>Devonisha Hopson, as Next Friend, Parent and Legal Guardian of L S, A Minor, v.</u> <u>Joaquin Millar, CSC Logistics, and Ro Trans Freight LLC</u>, docket number H 4210.  A true and correct copy of the Complaint is attached hereto as **<u>Exhibit A.</u>**

3.      The suit was originally filed on December 16, 2021.

4.      A copy of the Complaint was mailed to Joaquin Millar on December 28, 2021 by the Tennessee Secretary of State.

5.      Joaquin Millar received the mailed copy of the Complaint on January 16, 2021.

6.      Neither Defendants CSC Logistics nor Ro Trans Freight LLC have yet been served with the Complaint.

7.      Defendants remove this action to the United States District Court for the Western District of Tennessee, pursuant to the provisions of 28 U.S.C. §1441 on the grounds that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. There is diversity.

8.      The Plaintiffs are citizens of Gibson County Tennessee. (Complaint, ¶ 1).

9.      Defendant Joaquin Millar, is a citizen of Houston, Texas. (Complaint, ¶ 2).

10.     Defendant CSC Logistics, is an Illinois corporation with its principal place of business in La Grange Highlands, Illinois (Complaint, ¶ 3).

11.     Defendant Ro Trans Freight LLC, is an Illinois LLC with a single member who is a resident of Illinois. Ro Trans Freight LLC's principal place of business is Bloomington, Illinois (Complaint, ¶ 4).

12.     This dispute is between persons of different states and the amount in dispute between the parties is alleged to be in excess of $75,000.00, exclusive of costs

and interest; therefore, it meets the jurisdictional requirements of this Court pursuant to the provisions of 28 U.S.C. § 1332(a). (See Complaint).

13.    Venue is correct herein because Plaintiffs' action is pending in Gibson County, Tennessee.

14.    Counsel for the Defendants has served on Counsel for Plaintiff a Notice of Removal.  Copies of the Notice of Removal and Petition for Removal have been filed in Gibson County Circuit Court by these Defendants within thirty days of service of the Complaint on the Defendants.

WHEREFORE, please take notice that Defendants remove the state action styled Opal Devonisha Hopson, Individually, And Opal Devonisha Hopson As Next Friend, Parent And Legal Guardian Of D D, A Minor; And Opal Devonisha Hopson, As Next Friend, Parent And Legal Guardian Of L S, A Minor, v. Joaquin Millar, CSC Logistics, And Ro Trans Freight LLC, docket number H 4210 from the Circuit Court of Gibson County, Tennessee, where it is now pending, to the United States District Court for the Western District of Tennessee, Jackson Division on this the 27th day of January 2022.


Respectfully submitted,

**SPICER RUDSTROM, PLLC**


s/Michael J. Vetter, Sr.
Michael J. Vetter, Sr.
BPR # 13642
Lance W. Thompson
B.P.R. # 32401
SPICER RUDSTROM, PLLC
Philips Plaza
414 Union Street, Suite 1700

Nashville, Tennessee 37219
(615) 259-9080
mjv@cpicerfirm.com
lthompson@spicerfirm.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following via United States Mail and email where noted on this 28th day of January, 2022:

J. Mark Patey
112 South Liberty Street, Suite 222
Jackson, Tennessee 38301
pateylaw@eplus.net

s/Michael J. Vetter, Sr.
Michael J. Vetter, Sr.

4

# Exhibit A

IN THE CIRCUIT COURT OF THE TWENTY-EIGHTH JUDICIAL DISTRICT OF
GIBSON COUNTY, TENNESSEE AT HUMBOLDT

| | |
|---|---|
| OPAL DEVONISHA HOPSON, ) | TIME ‾‾‾‾ FILED ‾‾‾‾ (A)M/P.M |
| Individually; and OPAL DEVONISHA ) | |
| HOPSON, as Next Friend, Parent and Legal ) | DEC 16 2021 |
| Guardian of D███████ D███████, ) | |
| a Minor; and OPAL DEVONISHA ) | AMANDA BROWN, CLERK |
| HOPSON, as Next Friend, Parent and Legal ) | BY: ‾‾‾‾‾‾‾‾‾‾‾ D.C. |
| Guardian of L███ S███████, a minor ) | |
| ) | No. H 4210 |
| Plaintiffs, ) | JURY DEMANDED |
| ) | |
| V. ) | |
| ) | |
| JOAQUIN MILLAR, ) | DEFENDANT'S |
| CSC LOGISTICS, and ) | COPY |
| RO TRANS FREIGHT LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The Plaintiffs, OPAL DEVONISHA HOPSON, Individually, and OPAL DEVONISHA

HOPSON as next Friend, Parent and Legal Guardian of D███████ D███████, a Minor, and

OPAL DEVONISHA HOPSON as next Friend, Parent and Legal Guardian of L███ S███████, a

Minor, bring this civil action against the Defendants, JOAQUIN MILLAR, CSC LOGISTICS and

RO TRANS FREIGHT LLC, for the purpose of recovering actual and compensatory damages in

the amounts as set forth below and for this cause of action, would respectfully state unto the Court

as follows:

### JURISDICTION AND VENUE

1.      The Plaintiffs, OPAL DEVONISHA HOPSON, Individually, and OPAL

DEVONISHA HOPSON as next Friend, Parent and Legal Guardian of D███████ D███████,

a Minor, and OPAL DEVONISHA HOPSON as next Friend, Parent and Legal Guardian of L█████ S█████████, a Minor, are residents and citizens of Gibson County, Tennessee.

2.      The Defendant, JOAQUIN MILLAR, is believed to be a resident and citizen of Houston, Texas and upon information and belief was an employee and/or agent of either or both: Defendant, CSC LOGISTICS and/or Defendant, RO TRANS FREIGHT LLC, including specifically on or about December 17, 2020.

3.      The Defendant, CSC LOGISTICS, upon information, investigation and belief is a foreign business entity located in La Grange Highlands, Illinois and was authorized to do and doing business in Tennessee in the business of interstate trucking and, specifically, at the time of the subject accident, was, upon information and belief, headquartered and/or with its principal operations business location being CSC LOGISTICS in La Grange Highlands, Illinois on December 17, 2020.

4.      The Defendant, RO TRANS FREIGHT LLC, upon information, investigation and belief is a foreign business entity located in Bloomington, Illinois and was authorized to do and doing business in Tennessee in the business of interstate trucking and, specifically, at the time of the subject accident, was, upon information and belief, headquartered and/or with its principal operations business location being RO TRANS FREIGHT LLC in Bloomington, Illinois on December 17, 2020.

5.      The automobile wreck which is the subject of this lawsuit occurred in Gibson County, Tennessee.

2

6.     The cause of action of the Plaintiffs arises in tort under and by virtue of the laws of the State of Tennessee for the injuries and damages sustained as a result of an automobile wreck which occurred on December 17, 2020, in Gibson County, Tennessee.

7.     Should it be determined that the above Defendants are uninsured or underinsured pursuant to T.C.A. § 56-7-1201 et. seq., the Plaintiffs hereby serve and again give notice to their uninsured motorist carrier, Preferred Auto Insurance, which carrier was previously put on notice by the Plaintiffs sufficient to satisfy the notice terms of their policy with Preferred Auto Insurance, for which Preferred Auto Insurance has likewise suffered no prejudice. The agent for service of process is the Commissioner of Insurance for the State of Tennessee.

8.     The Defendants are subject to the jurisdiction of this Court.

<u>FACTS</u>

9.     On December 17, 2020, at approximately 9:38 a.m., Plaintiffs, Opal Devonisha Hopson and her minor children, D██████ D██████ (daughter) and I██ S██████ (son), were in a 2015 Ford Fusion, VIN #1FA6P0H70F5103038, Tennessee License Plate Number 8H17Y3, being driven by Plaintiff, Opal Devonisha Hopson, who was traveling west on State Route 187 in Gibson County, Tennessee when Defendant-Driver, Joaquin Millar, who was driving a 2017 Freightliner, VIN #3AKJGLDR6HSJA587, Illinois License Plate Number P1073149, for which also said Defendant-Millar may likewise have been an employee and/or agent of Defendant-CSC Logistics and/or Defendant-RO Trans Freight, LLC, traveling directly in front of Plaintiffs' vehicle, whereby said Defendant-Millar inattentively and negligently backed the vehicle he was operating directly into and forcefully impacting the front of Plaintiffs' vehicle causing both property damage and personal injuries to the Plaintiffs. At that time, the vehicle Defendant-Driver, Joaquin Millar, was operating, upon information, investigation and belief, was owned, co-owned, co-leased, or

3

co-contracted by Defendant, CSC Logistics and/or Defendant, RO Trans Freight LLC, including

ownership of said vehicle by Defendant-Driver, Joaquin Millar. Said negligent actions of

Defendant-Millar, <u>AND*</u> Defendant-CSC Logistics and Defendant-RO Trans Freight LLC (*as

per the below allegations of respondeat superior, agency, vicarious liability, family purpose

and/or negligent entrustment) caused Plaintiffs', Opal Devonisha Hopson, D████ I███████ (a

minor) and I███ S██████ (a minor), to sustain serious personal injuries and damages as set forth

hereinbelow; whereby Plaintiff- Opal Devonisha Hopson has likewise incurred medical expenses

on behalf of her said injured minor children; and for which Plaintiffs have sustained and incurred

all other lawful damages for which Defendant(s), Joaquin Millar, CSC Logistics and/or RO Trans

Freight LLC, are liable, including her property damage.

<u>DUTY AND ACTS OF NEGLIGENCE OF JOAQUIN MILLAR</u>

10.    It was the duty of the Defendant, Joaquin Millar, to exercise reasonable and

ordinary care and caution in operating his vehicle on the public roadways of the State of

Tennessee, and Gibson County, Tennessee.

11.    Specifically, at the identified above time and place, the Defendant, Joaquin Millar,

was guilty of common law acts and/or omissions of negligence, which include the following:

      (a)    Operating the vehicle he was driving in a dangerous and reckless manner under the circumstances then and there existing;

      (b)    Failing to keep a proper lookout for other vehicles upon the roadway;

      (c)    Failing to maintain proper control of the vehicle he was driving;

      (d)    Failing to devote full time and attention to the operation of the vehicle he was driving;

4

(e)    Failing to see that which was there to be seen and taking proper action with respect thereto; and

(f)    Failing to take action when it was apparent or, in the exercise of reasonable and ordinary care, should have been apparent that a wreck was about to occur.

Each and all of the above acts and omissions constitute negligence, and each and all were the proximate cause of the collision and the injuries and damages sustained by the Plaintiffs.

12.    Further, the Defendant, Joaquin Millar, violated certain Tennessee statutes which are set forth in Tennessee Code Annotated and which govern the operation of motor vehicles on the roadways of the State of Tennessee, as well as any applicable local and/or municipal codes or ordinances. These statutes were in full force and effect on the date of the wreck, which is the subject of this Complaint. The Defendant's statutory violations include, but are not limited to, the following:

(a)    He operated the vehicle he was driving in violation of T.C.A. §55-8-103, in failing to obey required traffic laws;

(b)    He operated the vehicle he was driving in violation of T.C.A. §55-8-197, in failing to yield the right of way;

(c)    He operated the vehicle he was driving in a reckless manner in violation of T.C.A. §55-10-205;

(d)    He operated the vehicle he was driving in violation of T.C.A. §55-8-152 or §55-8-153, by operating his vehicle at an excessive speed under the circumstances; and

(e)    He operated the vehicle he was driving in violation of T.C.A. §55-8-163 in negligently backing into the Plaintiffs.

The violation of the aforementioned statutes constitutes negligence per se. Such negligence was the proximate cause of the collision and the injuries and damages sustained by the Plaintiffs.

5

CAUSES OF ACTION AGAINST DEFENDANT, CSC LOGISTICS, PURSUANT TO
RESPONDEAT SUPERIOR/AGENCY/PERMISSIVE USE/NEGLIGENCE/FAMILY
PURPOSE DOCTRINE, AND INCLUDING NEGLIGENT ENTRUSTMENT; AND
FURTHER, ALL FORMS OF VICARIOUS OR OTHER LIABILITY

13.     The Plaintiffs aver that the Defendant, CSC Logistics, was, at the time of the

collision, and at all times material hereto, the registered and/or legal owner or co-owner, or

authorized lessee or co-lessee, of the vehicle being driven by Defendant, Joaquin Millar; and

upon information, investigation and belief, said Joaquin Millar was an employee and/or agent,

permissive user/operator, and/or family member, of Defendant, CSC Logistics. Upon

information and belief, at the time of the collision, Defendant, Joaquin Millar, was driving said

vehicle with the knowledge, permission and consent of Defendant-CSC Logistics, and it appears

he was on or about the business of said Defendant-CSC Logistics as an agent of Defendant-CSC

Logistics, or for a family purpose, whereas all of the acts of negligence hereinabove described on

the part of Defendant, Joaquin Millar, are imputed to the Defendant, CSC Logistics, through

application of the doctrines of respondeat superior, agency, permissive use, negligence

(including the Plaintiffs hereby making a prima facie claim of negligent entrustment), the family

purpose doctrine, and all statutory and common law doctrines of negligence and associated

vicarious liability, and including the application of the following statutes of the State of

Tennessee:

      (a)    T.C.A. §55-10-311. Prima facie evidence of ownership of
             automobile and use in owner's business; and,

      (b)    T.C.A. §55-10-312. Registration prima facie evidence of
             ownership and that operation was for owner's benefit.

## CAUSES OF ACTION AGAINST DEFENDANT, RO TRANS FREIGHT LLC, PURSUANT TO RESPONDEAT SUPERIOR/AGENCY/PERMISSIVE USE/NEGLIGENCE/FAMILY PURPOSE DOCTRINE, AND INCLUDING NEGLIGENT ENTRUSTMENT; AND FURTHER, ALL FORMS OF VICARIOUS OR OTHER LIABILITY

14.     The Plaintiffs aver that the Defendant, RO Trans Freight LLC, was, at the time of the collision, and at all times material hereto, the registered and/or legal owner or co-owner, or authorized lessee or co-lessee, of the vehicle being driven by Defendant, Joaquin Millar; and upon information, investigation and belief, said Joaquin Millar was an employee and/or agent, permissive user/operator, and/or family member, of Defendant, RO Trans Freight LLC. Upon information and belief, at the time of the collision, Defendant, Joaquin Millar, was driving said vehicle with the knowledge, permission and consent of Defendant-RO Trans Freight LLC, and it appears he was on or about the business of said Defendant-RO Trans Freight LLC as an agent of Defendant-RO Trans Freight LLC, or for a family purpose, whereas all of the acts of negligence hereinabove described on the part of Defendant, Joaquin Millar, are imputed to the Defendant, RO Trans Freight LLC, through application of the doctrines of respondeat superior, agency, permissive use, negligence (including the Plaintiffs hereby making a prima facie claim of negligent entrustment), the family purpose doctrine, and all statutory and common law doctrines of negligence and associated vicarious liability, and including the application of the following statutes of the State of Tennessee:

  (a)     T.C.A. §55-10-311. Prima facie evidence of ownership of automobile and use in owner's business; and,

  (b)     T.C.A. §55-10-312. Registration prima facie evidence of ownership and that operation was for owner's benefit.

7

## CAUSATION

15.     The Plaintiffs aver that negligence of the Defendant(s), in violation of all common law duties and the aforesaid statutes of the State of Tennessee, as well as the violation of any local codes or ordinances, as set forth above, directly and proximately caused the collision and the resulting injuries and damages to the Plaintiffs.

## INJURIES AND DAMAGES

16.     As a direct and proximate result of the negligence of the Defendant(s), the Plaintiff, Opal Devonisha Hopson, Individually, has sustained the following damages for which she sues the Defendant(s):

     (a)     Medical expenses, both past and future;

     (b)     Pain, both past and future;

     (c)     Suffering, both past and future;

     (d)     Past and future impairment of the ability to enjoy the normal pleasures of life;

     (e)     Bodily injuries;

     (f)     Permanent physical injury and impairment;

     (g)     Lost wages and/or impairment of earning capacity;

     (h)     Property Damage; and

     (i)     All of the damages allowed under the law.

17.     As a direct and proximate result of the negligence of Defendant(s), the Plaintiff, Opal Devonisha Hopson, as Next Friend, Parent and Legal Guardian of D███████ I███████, a Minor, on her behalf and for her injuries and damages, sue the Defendant(s) for the following specific damages:

8

      (a)     Medical expenses, both past and future;

      (b)     Pain, both past, present and future;

      (c)     Suffering, both past and future;

      (d)     Past and future impairment of the ability to enjoy the normal pleasures of life;

      (e)     Bodily injuries;

      (f)     Permanent physical injury and impairment;

      (g)     All of the damages allowed under the law.

18.    As a direct and proximate result of the negligence of Defendant(s), the Plaintiff, Opal Devonisha Hopson, as Next Friend, Parent and Legal Guardian of I██ S███, a Minor, on his behalf and for his injuries and damages, sue the Defendant(s) for the following specific damages:

      (a)     Medical expenses, both past and future;

      (b)     Pain, both past, present and future;

      (c)     Suffering, both past and future;

      (d)     Past and future impairment of the ability to enjoy the normal pleasures of life;

      (e)     Bodily injuries;

      (f)     Permanent physical injury and impairment;

      (g)     All of the damages allowed under the law.

19.    Further, as a direct and proximate result of the negligence of Defendant(s), the Plaintiff, Opal Devonisha Hopson, Individually, sue the Defendant(s) on behalf of her minor daughter/Plaintiff, D███ I███, for recovery of her medical expenses, both past and future,

9

to which she has and/or may be responsible to her medical providers as her legal guardian and/or ultimate guarantor.

      20.     Further, as a direct and proximate result of the negligence of Defendant(s), the Plaintiff, Opal Devonisha Hopson, Individually, sue the Defendant(s) on behalf of her minor son/Plaintiff, I██ S█████, for recovery of his medical expenses, both past and future, to which she has and/or may be responsible to his medical providers as his legal guardian and/or ultimate guarantor.

## RELIEF SOUGHT

      WHEREFORE, the Plaintiff, Opal Devonisha Hopson, Individually, sue the Defendants herein for compensatory damages in the amount of $750,000.00; plus interest and costs, and such other and further relief as to which she is entitled;

      WHEREFORE, the Plaintiff, Opal Devonisha Hopson, as Next Friend, Parent and Legal Guardian of D█████ D█████, a Minor, sues the Defendants herein for compensatory damages in the amount of $250,000.00, which includes her separate claim for recovery of said minor's medical expenses as said minor's legal guardians and financial guarantors; plus interest and costs, and such other and further relief as to which she is entitled; and

      WHEREFORE, the Plaintiff, Opal Devonisha Hopson, as Next Friend, Parent and Legal Guardian of I██ S█████, a Minor, sues the Defendants herein for compensatory damages in the amount of $250,000.00, which includes her separate claim for recovery of said minor's medical expenses as said minor's legal guardians and financial guarantors; plus interest and costs, and such other and further relief as to which she is entitled.

      The Plaintiffs demand a jury of twelve (12) to hear the issues of this cause when joined.

Respectfully submitted,

By: _____

J. Mark Patey, BPR #13379
Attorney for Plaintiffs
112 South Liberty Street, Suite 222
Jackson, Tennessee 38301
Phone: (731) 256-1222
Facsimile: (731) 256-1778
Email:   pateylaw@eplus.net

## COST BOND

I hereby acknowledge myself as surety in this cause for costs not to exceed One Thousand and 00/100 Dollars ($1,000.00).

By: _____

J. Mark Patey

1
1