# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, JACKSON DIVISION

| | |
|---|---|
| **OPAL DEVONISHA HOPSON,** Individually, and **OPAL DEVONISHA HOPSON** as Next Friend, Parent and Legal Guardian of **DYNASTIE DOUBLASS**, a Minor; and **OPAL DEVONISHA HOPSON**, as Next Friend, Parent and Legal Guardian of **LEVI STEWART**, a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>**JOAQUIN MILLAR,**<br>**CSC LOGISTICS, and**<br>**RO TRANS FREIGHT LLC,**<br><br>Defendants. | Case No. 1:22-cv-01019<br>**JURY DEMAND (12)** |

## JOAQUIN MILLAR'S, CSC LOGISTICS', AND RO TRANS FREIGHT LLC'S ANSWER TO THE COMPLAINT

Comes now Defendants Joaquin Millar, CSC Logistics, Ro Trans Freight LLC and responds to the Plaintiffs' Complaint as follows:

1. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC admit the allegations contained in paragraph 1 of the Plaintiffs' Complaint based upon information and belief.

2. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC admit that Joaquin Millar is a resident of Houston, Texas and that he was employed by RO Trans Freight, LLC and was driving a truck registered to CSC Logistics.

3. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC admit the allegations contained in paragraph 3 of the Plaintiffs' Complaint.

4. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC admit the allegations contained in paragraph 4 of the Plaintiffs' Complaint.

5. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC admit the allegations contained in paragraph 5 of the Plaintiffs' Complaint.

6. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC admit that there was an accident on December 17, 2020 and demand strict proof of the remaining allegations contained in paragraph 6 of the Plaintiffs' Complaint.

7. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Plaintiffs' Complaint.

8. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC admit the allegations contained in paragraph 8 of the Plaintiffs' Complaint.

9. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC admit that there was an accident on December 17, 2020.  Joaquin Millar, CSC Logistics, Ro Trans Freight LLC demand strict proof of the plaintiffs' claims of alleged injuries and damages.

10. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC admit the allegations contained in paragraph 10 of the Plaintiffs' Complaint.

11. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC deny the allegations contained in paragraph 11 of the Plaintiffs' Complaint as stated. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC admit that there was an accident on December 17, 2020.

12. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC deny the allegations contained in paragraph 11 of the Plaintiffs' Complaint as stated. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC admit that there was an accident on December 17, 2020.

13. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC admit that the truck was registered to CSC Logistics, that Joaquin Millar was employed by Ro Trans Freight LLC, and that Joaquin Millar was authorized to drive the truck on December 17, 2020. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC demand strict proof of the remaining allegations contained in paragraph 13 of the Plaintiffs' Complaint.

14. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC admit that the truck was registered to CSC Logistics, that Joaquin Millar was employed by Ro Trans Freight LLC, and that Joaquin Millar was authorized to drive the truck on December 17, 2020. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC demand strict proof of the remaining allegations contained in paragraph 14 of the Plaintiffs' Complaint.

15. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC deny the allegations contained in paragraph 15 of the Plaintiffs' Complaint as stated and demand strict proof thereof.

16. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Plaintiffs' Complaint and demand strict proof thereof.

17. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Plaintiffs' Complaint and demand strict proof thereof.

18. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Plaintiffs' Complaint and demand strict proof thereof.

19. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Plaintiffs' Complaint and demand strict proof thereof.

20. Joaquin Millar, CSC Logistics, Ro Trans Freight LLC are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Plaintiffs' Complaint and demand strict proof thereof.

21. Any and all allegations contained within the Plaintiffs' Complaint that have not previously been specifically admitted or denied, are hereby denied.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiffs' Complaint and each count thereof may be time-barred, in whole or in part, under applicable statutes of limitations or statutes of repose.

3. The Plaintiffs' Complaint may be barred, in whole or in part, because any alleged injury to Plaintiff(s) was not caused by the defendants.

4. The Plaintiffs' Complaint and each count thereof may be barred, in whole or in part, because the alleged injuries or damages complained of by Plaintiffs were caused by the superseding and/or intervening acts and/or omissions of others for whose conduct the defendants are neither responsible nor liable and/or were pre-existing injuries.

5. Plaintiff's claims may be barred by a failure to mitigate.

6. To the extent the damages alleged in the Plaintiffs' Complaint arose from

acts or omissions or comparative fault of others, including the plaintiff(s), Defendants are not legally liable or responsible for those damages.

7. The injuries and damages alleged in the Plaintiffs' Complaint were not proximately caused by any act or omission of Defendants.

8. To the extent that other parties are at fault, Defendants assert that they cannot be held responsible for any of the losses alleged by the Plaintiffs, if any, that were caused or contributed to by the acts, omissions, or negligence of other parties for which Defendants are not responsible under the doctrine of Comparative Negligence and/or Comparative Fault.

WHEREFORE, having fully answered Plaintiffs' Complaint, Joaquin Millar, CSC Logistics, and Ro Trans Freight LLC request that the Plaintiffs' Complaint be dismissed. In the alternative, Joaquin Millar, CSC Logistics, Ro Trans Freight LLC demand a jury of twelve persons to try this cause, request the case to be tried pursuant to Tennessee principals of comparative fault, and request such other and further relief as this Court may deem appropriate.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

/s/ Michael J. Vetter, Sr.
Michael J. Vetter, Sr.
BPR # 13642
Lance W. Thompson
B.P.R. # 32401
Philips Plaza
414 Union Street, Suite 1700
Nashville, Tennessee 37219
(615) 259-9080
mjv@spicerfirm.com
lthompson@spicerfirm.com
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15th, 2022, the above captioned document was electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to those persons requesting notice, including the following:

J. Mark Patey
112 South Liberty Street, Suite 222
Jackson, TN 38301
pateylaw@eplus.net

                                                    /s/ Michael J. Vetter, Sr.
                                                   Michael J. Vetter, Sr.